UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Civil Number 04-10191-BC
                                          Criminal No. 00-20043-BC
v.                                                Honorable David M. Lawson

MATTHEW DEAN HENDERSHOT,

        Defendant.
_____/

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On August 2, 2004, the defendant Matthew Dean Hendershot filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Hendershot was found guilty by a jury of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) on December 22, 2000. On November 14, 2001, he was sentenced to 57 months in custody. The defendant's initial motion alleges that he was sentenced in violation of the principles announced in *Blakely v. Washington*, 542 U.S. 296 (2004). In his reply to the government's response, the defendant also discusses *United States v. Booker*, 543 U.S. 220 (2005).

Section 2255, ¶ 6, establishes "[a] 1-year period of limitation [that] appl[ies] to a motion under this section." Hendershot argues that his motion is timely because *Blakely* was decided on June 24, 2004, and his motion was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255, ¶ 6(3). The Supreme Court has held that when a new right is established, regardless of when that right has been deemed retroactive with respect to cases on collateral review, applicants have one year following the date of the Supreme

Court's decision to file motions under section 2255. *Dodd v. United States*, __ U.S. __, 125 S. Ct. 2478 (2005).

However, despite Hendershot's argument to the contrary, the Supreme Court has not given retroactive effect to its pronouncements in *United v. Booker*, "which now governs [the defendant's] *Blakely* claim." *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). In fact, the Sixth Circuit has held that "*Booker's* rule does not apply retroactively in collateral proceedings." *Humphress,* 398 F.3d at 860.

When a motion is filed under section 2255, the sentencing judge must "promptly examine it" and deny it "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Because the issues raised by the defendant in his motion are governed entirely by *Humphress v. United States*, the Court determines that the defendant may not claim the benefit of *Blakely* or *Booker's* pronouncements, and therefore it plainly appears that he is not entitled to relief.

Accordingly, it is **ORDERED** that the defendant's motion to vacate, set aside, or correct his sentence [dkt # 38] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 27, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---